a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JAMY NAPIER #2022080179, Petitioner | CIVIL DOCKET NO. 1:23-CV-01815 |
| VERSUS | JUDGE DEE D. DRELL |
| TARVALD ANTHONY SMITH ET AL, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Jamy Napier ("Napier"). Napier is being detained at the Catahoula Correctional Center in Harrisonburg, Louisiana. He seeks release from custody due to his allegedly unconstitutional detention.

Because Napier has not satisfied the requirement for exhaustion, and his claim regarding the conditions of his confinement must be filed under 42 U.S.C. § 1983, the Petition (ECF No. 1) should be DISMISSED WITHOUT PREJUDICE.

I. Background

Napier alleges that he has been detained since July 2022, and has been unlawfully denied bail. ECF No. 1 at 6. He asserts the denial of effective assistance of counsel in his ongoing criminal proceedings in the 19th Judicial District Court. *Id.* Napier further claims he is being denied his right to a speedy trial and that his detention among convicted prisoners amounts to cruel and unusual punishment. *Id.* at 7.

Napier claims that he sought habeas relief, which was denied by the trial court, and that he was denied the "necessary transcripts for appeals." *Id.* at 7.

II.   <u>Law and Analysis</u>

A petitioner may seek habeas relief if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). A state pre-trial detainee may seek habeas relief under § 2241 for pre-trial issues such as violations of a state speedy trial act, double jeopardy, or bond conditions. *See Stringer v. Williams*, 161 F.3d 259 (5th Cir. 1998); *Dickerson v. Louisiana*, 816 F.2d 220, 223-24 (5th Cir. 2009). However, a fundamental prerequisite to federal habeas relief is the exhaustion of all claims in state court. *See Picard v. Conner*, 404 U.S. 270, 275 (1971); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489 (1973); *Dickerson*, 816 F.2d 220, 225 (5th Cir. 1987) (although § 2241 contains no statutory exhaustion requirement, a judicially-crafted requirement of exhaustion of state remedies applies). The exhaustion requirement provides the state an opportunity to confront and resolve any constitutional issues arising within its jurisdiction, and limits federal interference in the state adjudicatory process. *Id.*

A petitioner must "fairly apprise the highest court of his state of the federal rights which were allegedly violated" and must do so "in a procedurally correct manner." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). The highest state court in Louisiana is the Louisiana Supreme Court. *See* La. Const. art. V, § 5(A). Therefore, a Louisiana pretrial detainee generally cannot proceed in federal court

pursuant to § 2241 unless he has first presented his claims to the Louisiana Supreme Court.

Napier claims that he filed a habeas petition in the 19th Judicial District Court, where his criminal charges are pending. He did not seek further review, however, purportedly because he was "denied transcripts." ECF No. 1 at 7. Therefore, he has not fully exhausted. Napier must attempt discretionary review in Louisiana appellate court and in the Louisiana Supreme Court, with or without transcripts, to satisfy the exhaustion requirement. *See Wilson v. Foti*, 832 F.2d 891, 893 (5th Cir. 1987); *Prudhomme v. Iowa Police Dep't*, 07-CV-0745, 2007 WL 2702183, at *3 (W.D. La. Aug. 22, 2007).

Napier alsocomplains about being housed with convicted inmates. However, unconstitutional conditions of confinement must be challenged in a suit under 42 U.S.C. § 1983. *See Staten v. Garret*, 37 F. App'x 88 (5th Cir. 2002) (unpublished) (citing *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997)). A favorable ruling on his housing claim would not "automatically entitle" Napier to accelerated release. Thus, "the proper vehicle is a § 1983 suit." *Carson*, 112 F.3d at 820–21 (citations omitted).

### III. Conclusion

Because Napier has not satisfied the exhaustion requirement as to his habeas claim, and because his conditions of confinement claim must be filed under § 1983, IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

3

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, January 9, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

4